David C. Larkin  #006644
DAVID C. LARKIN, P.C.
4645 South Lakeshore Drive, Suite 6
Tempe, Arizona  85282
Telephone (480) 491-2900
Fax (480) 755-4825
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Potter, | No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Manpower Professional Services, Inc., a corporation, | |
| Defendant. | |

Plaintiff Diane Potter hereby alleges as follows:

1.      Plaintiff Diane Potter is, and at all times material hereto was a resident of Maricopa County, Arizona.

2.      Defendant Manpower Professional Services, Inc. ("Manpower Professional") is and at all times material herein, was a foreign corporation authorized to do business in Arizona, and doing business in Maricopa County.

3.      At all times material hereto, defendant Manpower Professional was an "employer" as defined in 29 U.S.C. § 203(d).  At all times material hereto, Manpower Professional employed plaintiff Diane Potter.

4.      The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.  This action arises, *inter alia,* under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 *et seq*.), hereinafter referred to as the FLSA.  Any and all acts alleged herein arose in Maricopa County.

5.      Plaintiff Diane Potter was employed by defendant Manpower Professional from on or about August 2007 through on or around February 2009.

1     6.     During her employment, plaintiff worked in excess of 40 hours in a week
2 without being paid the overtime premium required by the FLSA for hours worked in excess
3 of 40.

**COUNT ONE -**
**FAIR LABOR STANDARDS ACT CLAIM**
**FOR OVERTIME PAY**

6     7.     Plaintiff hereby incorporates by reference the allegations contained in
7 paragraphs 1 through 6 above, as though each of said allegations were fully set forth herein.

8     8.     At all times mentioned herein, Manpower Professional employed and continues
9 to employ, employees in and about their place of business in, among other duties, preparing,
10 transmitting, mailing or receiving reports, letters, correspondence, invoices, telephone calls,
11 emails,  and other communications to and from points outside the State of Arizona and in
12 using the facilities and means of commerce, *i.e.,* these employees and Manpower
13 Professional, by reason of these and other activities, were and are engaged in commerce
14 within the meaning of the FLSA.

15     9.     During the term of her employment relevant to her claim, plaintiff was a non-
16 exempt employee pursuant to the FLSA, who worked hours in excess of 40 hours in a week.

17     10.     Throughout the term of plaintiff's employment, defendant willfully violated
18 the provisions of Section 7 of the FLSA (29 U.S.C. § 207) by failing to pay overtime
19 premium wages to plaintiff for hours she worked in excess of 40 hours in a week for each of
20 the weeks in which she did so work, falsely claiming that plaintiff was a "bona fide
21 professional" exempt employee and unlawfully treating her as such by failing to pay the
22 overtime premium wages required by the FLSA.

23     11.     In accordance with the FLSA, plaintiff is entitled to unpaid overtime wages in
24 an amount in excess of $12,000, according to proof.

25     12.     By reason of the willful violations alleged herein, pursuant to Section 16(c) of
26 the FLSA (29 U.S.C. § 216(c)), defendant has also become liable to plaintiff for liquidated
27 damages in an amount equal to the amount of unpaid overtime compensation found by the
28 Court.

-2-

1    13.    In accordance with the FLSA, plaintiff is entitled to her attorneys' fees and

2 costs.

3                                   **PRAYER FOR RELIEF**

4    **WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment for

5 plaintiff Diane Potter against defendant Manpower Professional as follows:

6    A.    That this Court award plaintiff her back pay for unpaid overtime premium

7 wages and liquidated damages under the FLSA against defendant, in a total amount in excess

8 of $25,000 according to proof.

9    B.    That this Court award plaintiff her court costs and reasonable attorneys' fees

10 herein incurred, pursuant to the FLSA.

11    C.    That this Court award pre-judgment and post-judgment interest on the amounts

12 set forth in paragraphs "A" and "B" above, at the highest rate permitted by law.

13    D.    That this Court grant such other and further relief as this Court may deem just

14 and proper.

15    Dated this  1st  day of March, 2010.

16                                   DAVID C. LARKIN, P.C.

17                              By:    s/ David C. Larkin
                                       David C. Larkin
18                                     Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28